## PANAMA RAILROAD COMPANY *v.* TOPPIN.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 147. Argued January 16, 1920.—Decided March 15, 1920.

By the laws of Panama, a railroad company is liable for personal injuries resulting from the criminal negligence of its servant in running an engine at a rate prohibited by the Panama Police Code. P. 310.

The rule of *respondeat superior* applies in Panama, in such cases, and due care in selecting the servant is not a defense for the railroad company. P. 311.

In Panama, under Civil Code, Art. 2341, as well as in the Canal Zone,
    damages for physical· pain are allowable in a personal injury case.
    P. 313. *Panama R. R. Co.* v. *Bosse*, 249 U. S. 41.
250 Fed. Rep. 989, affirmed.

THE case is stated in the opinion.

*Mr. Frank Feuille* and *Mr. Walter F. Van Dame*, for ·
plaintiff in error, submitted.

*Mr. Wm. C. MacIntyre*, with whom *Mr. W. C. Todd*
and *Mr. T. C. Hinckley* were on the brief, for defendant
in ·error..

MR. JUSTICE BRANDEIS delivered the opinion of the
court.

Toppin was struck by a locomotive of the Panama
Railroad Company while riding a horse in the City of
Colon. He sued the company for damages in the District
Court of the Canal Zone, alleging negligence, and recov-
ered a verdict. The judgment entered thereon was af-
firmed by the Circuit Court of Appeals for the Fifth
Circuit (250 Fed. Rep. 989), and the case is here on writ
of error.

The main contentions of the company are here, as. in
*Panama R. R. Co.* v. *Bosse*, 249 U. S. 41, that the trial
court erred in holding applicable the rule of *respondeat
superior* and the rule permitting recovery for physical
pain suffered. The important difference in the two cases
is this: There the accident occurred in the Canal Zone;
here, in the Republic of Panama. The company insists
that the *Bosse Case* is not controlling, because the ques-
tions affecting liability must here be determined by the
law of that Republic,—the place where the accident
occurred. *Slater* v. *Mexican National R. R. Co.*, 194 U.
S. 120; *Cuba R. R. Co.* v. *Crosby*, 222 U. S. 473. The law

of Panama is pleaded by both parties and evidence thereon was introduced by both; but we are not limited to this evidence, as they agree that we may take judicial notice of the law of Panama existing February 26, 1904, when the Canal Treaty was proclaimed, and that, in the absence of evidence to the contrary, the law then prevailing there will be presumed to have continued in force.

· *First:* The company contends that the jury should have been instructed that under the law of Panama the company was not liable if the accident resulted from a criminal act of its employees, there being evidence that it was due to running the locomotive at a rate of speed prohibited under penalty by the Police Code of Panama. That code, known as Ordinance No. 87 of the year 1896, provides (Articles 488, 489):

"When a tramway crosses a town, as well as when it passes by a gate or viaduct, it shall not travel at a greater speed than that of a wagon drawn by horses at a moderate trot; in case of an infraction the conductor or the administrator of the company subsidiarily shall pay a fine of 10 to 100 pesos, without prejudice to the responsibility, civil or penal, to which he may be subjected by reason of the damage, fault or tort. . . ."

"This article . . . shall be applied to railroads when they enter cities or towns."

The Panama Law, No. 62, of 1887, had provided in Article 5:

"Railroad companies are responsible for the wrongs and injuries which are caused to persons and properties by reason of the service of said railroads and which are imputable to want of care, neglect, or violation of the respective police regulations which shall be issued by the government as soon as the law is promulgated."

And Article 2341 of the Civil Code provides:

"He who shall have been guilty of an offense or fault, which has caused another damage, is obliged to repair it,

without prejudice to the principal penalty which the law imposes for the fault or offense committed."

It would seem clear from a reading of these provisions that the company would not be relieved from liability in damages for injuries resulting from the negligence of its employee, merely because the negligent act was also punishable as a crime. And the Colombian authorities to which our attention has been called tend to confirm this construction.[1] There seems to have been a rule of practice under the Colombian Judicial Code (Article 1501 [2]) by which, if the civil action and the criminal action arising out of the same acts are not brought at the same time, the civil action cannot be prosecuted until the conclusion of the criminal action with the condemnation of the delinquent. But such rule obviously can have no application here; among other reasons because it refers to the case where the same person is liable both civilly and criminally. Here it is the engineer who is liable criminally under the Police Code and the company against whom civil liability is being enforced.

*Second:* The company contends that by the law of Panama it cannot be held liable for the injury caused by the negligence of its engineer if it was careful in selecting him, because the law of Panama does not recognize liability without fault. This contention was made and rejected by the Supreme Court of Colombia in a case similar to the case at bar.[3] There suit was brought against the empresario of a railway to recover for the loss of a house by fire due to the negligent operation of a locomotive.

---

[1] *Cecilia Jaramillo de Cancino* v. *Railroad of the North.* Supreme Court of Justice of the Republic of Colombia, XIII Judicial Gazette, Nos. 652–653. Decided December 16, 1897.

[2] *Ruperto Restrepo* v. *Sabana Railway Company.* Supreme Court of Justice of the Republic of Colombia, III Judicial Gazette, No. 353, pp. 332–334. Decided July 19, 1892.

[3] *Cancino* v. *Railroad of the North, supra,* note 1.

The court rested the liability upon Article 2347 of the Civil Code,[1] declaring that all doubt as to the existence of the necessary dependency was removed by Article 5 of Law 62 of 1887, which "without in any way mentioning the dependents, employees, or workmen of railway enterprises, makes their empresarios responsible for the damages and injuries which they may cause to persons or to property by reason of the service of the said roads." The court continues: "and there is not in the record any proof whatever that any care or precaution, either on the part of the empresario or the engineer, had been taken to prevent the fire, the proof that the empresario on his part had exercised much care in the selection of his employees not being sufficient in the opinion of the court, because the diligence and care here treated of, is that which ought to have been exercised in order to prevent an injury that could have been easily foreseen." [2] This case seems to overrule in effect the principal authority to which the plaintiff in error has referred us [3]—in fact, it is not unlikely that such was the object of Article 5 of Law 62 of 1887.

---

[1] Article 2347. "Every person is responsible not only for his own actions, for the purpose of making good the damage, but for the act of those who may be under his care.

"Thus, the father, and failing him the mother, is responsible for the act of the minor children who live in the same house.

"Thus, the tutor or guardian is responsible for the conduct of the pupil who lives under his protection and care.

"Thus, the husband is responsible for the conduct of his wife.

"Thus, the directors of colleges and schools respond for the acts of students while they are under their care, and artisans and empresarios for the acts of their apprentices and dependents in like cases.

"But this responsibility will cease if with the exercise of the authority and care which their respective characters prescribe for and confer on them they could not prevent the act."

[2] See also *Panama R. R. Co.* v. *Bosse*, 249 U. S. 41, 49.

[3] *Ramirez* v. *Panama Railroad Company*. Supreme Court of Justice of Colombia, 1 Gaceta Judicial, No. 22, p. 170 (June 10, 1887).

*Third:* The contention that the lower courts erred in allowing recovery for physical pain was made and overruled in *Panama R. R. Co.* v. *Bosse, supra,* p. 47. As the decision there rested upon Article 2341 of the Civil Code of Panama it is applicable whether the *lex loci* or the *lex fori* should be held controlling as to such damages. Exception was also taken to the ruling that "if the plaintiff has developed tuberculosis of the spine as a result of the injuries received" the tuberculosis may be considered as an element of damages. The instruction was given with such explanations as to have been clearly unobjectionable.

*Affirmed.*