## SUCESORES DE PEREZ HERMANOS v. COSTA.

(Circuit Court of Appeals, First Circuit. June 7, 1922.)

No. 1536.

1. **Courts** ⬤⟹406(1)—**Nature and scope of review on appeal from decision of Supreme Court of Porto Rico.**

On an appeal to the Circuit Court of Appeals from a decision of the Supreme Court of Porto Rico, unanimously affirming a judgment of one of the insular courts, the case is treated as though brought up on writ of error, instead of by appeal, under Act Sept. 6, 1916 (Comp. St. § 1649a), but power of review is limited to questions of law.

2. **Damages** ⬤⟹132(9)—**$12,000 not excessive for loss of foot and part of leg.**

It cannot be said that there was error of law in awarding $12,000 for the loss of a foot and a part of the leg of a boy 11 years old residing in Porto Rico.

3. **Master and servant** ⬤⟹329—**Limitation of respondeat superior rule must be pleaded.**

The limitation of the principle of respondeat superior, under Civ. Code, § 1804, pars. 4, 7, in force in Porto Rico, is an affirmative defense, which must be pleaded and proved.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **Courts ☞405(17)—Plain error reviewed, though not assigned in Circuit Court of Appeals.**
   Though Circuit Court of Appeals rule 11 (150 Fed. xvii, 79 C. ʊ. A. xvii) authorizes such court at its option to notice a plain error not assigned, such procedure is one that ought not to be extended, particularly where the alleged error is one of construction and application of local law, in which a reviewing court always follows the local rulings, unless clearly wrong.

5. **Courts ☞356—Court of review avoids initial construction of local laws.**
   A court of review will avoid, except when clearly necessary, initial construction of local laws.

6. **Master and servant ☞300—Limitation of respondeat superior rule held not to repeal motor vehicle law of Porto Rico.**
   Civ. Code, §§ 1803, 1804, in force in Porto Rico, relating to the rule of respondeat superior, did not apply or make inapplicable Laws Porto Rico 1916, c. 75, § 17, regulating the operation of motor vehicles, and the owner of such a vehicle may be liable for injuries caused by negligence of the operator, though such owner is not in the vehicle at the time.

Appeal from the Supreme Court of Porto Rico.

Action at law by Francisco Flores Costa against Sucesores de Perez Hermanos. Judgment for plaintiff, and defendants appeal. Affirmed.

Daniel F. Kelley, of San Juan, Porto Rico (Charles Hartzell, of San Juan, Porto Rico, on the brief), for appellants.

Carroll G. Walter, of New York City (Edward J. Patterson, of New York City, and J. Henri Brown, of San Juan, Porto Rico, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This was an action at law brought in one of the insular courts of Porto Rico for personal injuries sustained by the plaintiff, a boy 11 years old, through the negligent operation by the defendants' employé of an automobile truck owned and used by the defendants in their business as a wholesale and retail grocery concern in San Juan. The truck was without due warning backed upon the plaintiff, playing in the street with other boys. His foot was crushed; gangrene followed, requiring the amputation of his leg —whether below or above the knee is not on the record entirely clear. The trial court, sitting without a jury, found for the plaintiff, and awarded damages of $17,000. On appeal to the Supreme Court of Porto Rico, the judgment was unanimously affirmed, but the damages were reduced to $12,000—two of the five judges expressing the opinion that the award should not exceed $5,000.

[1] The case is brought here in the form of an appeal, but under the provisions of the Act of September 6, 1916, c. 448, § 4 (Compiled Statutes 1916, § 1649a), we treat the case as though brought here on writ of error instead of by appeal. Ana Maria Sugar Co. v. Quinones, 251 Fed. 499, 504, 163 C. C. A. 493. But our power of review is, of course, limited to questions of law.

In the record the defendants set forth six assignments of error, as follows:

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"(1) The court erred in deciding that there was not practically proof of contributory negligence on the part of plaintiff.

"(2) The court erred in deciding that the boy had no notice that the standing truck was likely to back, and that no warning was given to the boy that the truck was about to back.

"(3) The court erred in deciding that the weight of the proof was strictly in favor of the plaintiff.

"(4) The court erred in deciding that the judgment of $12,000 was a reasonable and just compensation, considering the circumstances of the case and evidence produced.

"(5) The court erred in unduly applying and construing section 1803 of the Civil Code in force in Porto Rico.

"(6) The court erred in unduly applying and construing paragraphs 4 and 7 of section 1804 of the Civil Code in force in Porto Rico."

But the defendants' counsel in their brief and argument seek to add a seventh assignment (stated below) upon which they chiefly rely.

The six assignments, supra, may be briefly disposed of. The first three plainly present no question of law. Counsel for the defendants concede that there was sufficient evidence of the defendants' negligence. The contention concerning contributory negligence presents a pure question of fact. There was, at most, but slightly conflicting evidence on that point. The Supreme Court unanimously agreed with "the court below that there was practically no proof of contributory negligence."

[2] As to the fourth assignment—that the award of $12,000 is in such a case in Porto Rico grossly excessive—we think that, on this record, no question of law is presented for our consideration. Except under unusual circumstances, the assessment of damages is a question of fact. We cannot say that there was error in law in awarding $12,000 for the injuries suffered by this plaintiff, the main element of which was the loss of a foot and a part of the leg. See Southern Railway v. Bennett, 233 U. S. 80, 86, 34 Sup. Ct. 566, 58 L. Ed. 860; Herencia v. Guzman, 219 U. S. 44, 31 Sup. Ct. 135, 55 L. Ed. 81; Texas & Pacific Railway v. Hill, 237 U. S. 208, 215, 35 Sup. Ct. 575, 59 L. Ed. 918; Stultz v. Cousins, 242 Fed. 794, 798, 155 C. C. A. 382.

[3] Under the fifth and sixth assignments the defendants now seek to invoke the limitation of the principle of respondeat superior, found in the latter part of section 1804 of the Civil Code as follows:

"The liability referred to in this section shall cease when the persons mentioned therein prove that they employed all the diligence of a good father of a family to avoid the damage."

But this is an affirmative defense, which the defendants herein neither pleaded nor proved. It is therefore not open. Arzuaga v. Ortiz (C. C. A.) 266 Fed. 449, 454; Panama Railroad Co. v. Toppin, 252 U. S. 308, 40 Sup. Ct. 319, 64 L. Ed. 582; Truyol v. West India Oil Co., 26 P. R. 321, 328, 329.

None of the assignments of error in the record can be sustained.

But, as noted above, the defendants now seek to add a seventh assignment, grounding it on the contention that the insular court erred in not sustaining a general demurrer, to the effect "that the complaint does not set forth facts sufficient to constitute a cause of action."

This general demurrer was overruled by the District Court, but the

record does not show what contentions were there made. In the opinion of the Supreme Court, the demurrer is treated as directed to an inadequate averment of negligence, and the complaint was, in the absence of a motion for particulars, held sufficient. It follows that the proposition of a construction and an application of statutes, now urged by the defendants as fatal to the plaintiff's case, was, as the record by necessary implication shows, not suggested by the defendants in either of the Porto Rican courts. It is a new point.

[4, 5] The defendants ground their contention, that this point is now open, upon the rule that a reviewing court will notice a plain error not assigned, citing and relying upon the decision of this court in Mergenthaler Linotype Co. v. Hull, 239 Fed. 26, 34, 152 C. C. A. 76. Undoubtedly, under modern practice, it may be the duty of a reviewing court to ignore merely technical defects and to deal with obvious, though unassigned, errors. Our eleventh rule authorizes this court, at its option, to notice a plain error not assigned. 150 Fed. xxvii, 79 C. C. A. xxvii. But such procedure is one that ought not to be extended, particularly in cases like the present, where the alleged error is one of construction and application of local law, in which a reviewing court always follows the local rulings, unless clearly wrong. Cardona v. Quinones, 240 U. S. 83, 88, 36 Sup. Ct. 346, 60 L. Ed. 538; Nadal v. May, 233 U. S. 447, 454, 34 Sup. Ct. 611, 58 L. Ed. 1040; Villanueva v. Villaneuva, 239 U. S. 293, 299, 36 Sup. Ct. 109, 60 L. Ed. 293. The same doctrine requires a court of review to avoid, except when clearly necessary, initial construction of local laws.

But, as in this case counsel on both sides have argued the point thus belatedly raised, and as we have reached conclusions adverse to the defendants, it will do no harm, and may possibly avoid further controversy, if we now state those conclusions. That on such a record we deal with the point at all is not to be deemed a precedent to be followed.

[6] The gist of the defendants' contention is that sections 1803 and 1804 of the Civil Code were, so far as motor vehicle accidents are concerned, repealed or made inapplicable by Laws of Porto Rico 1916, c. 75, § 17, "An act to regulate the operation of motor vehicles." Section 17 reads:

"That the owner of any motor vehicle shall be responsible for damages caused by the negligence of the operator or chauffeur while such owner is in the vehicle."

On the principle, "inclusio unius, exclusio alterius," counsel argue that no owner, not at the time in the vehicle, is liable for the negligence of his chauffeur. This proposition, if sound, might be raised by demurrer to the complaint, which does not allege that any of the defendants were in the vehicle at the time of the accident. This argument is to some degree grounded upon certain expressions of the Supreme Court in the case of Velez v. Llavina, 18 P. R. 634, as to the limits in Porto Rico of the doctrine of respondeat superior. In that case, decided in 1912, the issue was whether the owner of a motor vehicle, not used in the business of conveying passengers, was liable for the negligence of the operator. The majority of the court held

for the defendant, but with a vigorous dissent by Mr. Justice Mac-Leary.

It is apparent from both opinions that the doctrine of respondeat superior has a somewhat narrower application in Porto Rico than in the United States. But the crucial question in that case was whether the defendant was using his automobile in "an enterprise or establishment" within the meaning of section 1804, post. There is nothing in the statute limiting the doctrine of respondeat superior to a public service enterprise, as distinguished from a grocery or other ordinary business concern. Later opinions of that court so hold. Compare Truyol v. West India Oil Co., 26 P. R. 321, 327, 328; Morales v. Coraballo, 27 P. R. 544, 547; Allen v. International Express Co., 28 P. R. 448.

The applicable provisions of the Civil Code of Porto Rico are as follows:

"Sec. 1803. A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.

"Sec. 1804. The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"The father, and on his death or incapacity the mother, is liable for the damages caused by the minors who live with them.

"Guardians are liable for the damages caused by minors or incapacitated persons who are under their authority and live with them.

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employés in the service of the branches in which the latter may be employed or on account of their duties.

"The state is liable in this sense when it acts through a special agent, but not when the damage should have been caused by the official to whom properly it pertained to do the act performed, in which case the provisions of the preceding section shall be applicable.

"Finally, masters or directors of arts and trades are liable for the damages caused by their pupils or apprentices while they are under their custody.

"The liability referred to in this section shall cease when the persons mentioned therein prove that they employed all the diligence of a good father of a family to avoid the damage."

The defendants at bar are, under paragraph 4 of section 1804, liable unless section 17 of the act of 1916 freed owners of motor trucks from all liability for negligence except when the owner himself is in the vehicle. Obviously, if the owner is a corporation, there would, under such construction and application, never be liability for the negligence of a chauffeur. No corporation rides in its own car.

It would seem that the purpose embodied in section 17 by the Porto Rican Legislature was not to narrow, but to extend, liability of owners of motor vehicles for the negligence of their chauffeurs, by making such owners, whether engaged in business enterprises or not, within the meaning of paragraph 4 of section 1804, supra, liable, if present in the vehicle at the time of the negligently caused accident. Allen v. International Express Co., 28 P. R. 448, 453. But we need not now consider and determine the affirmative aspects of section 17; it is enough for present purposes to hold, negatively, that it does not, pro tanto, repeal or limit section 1804 of the Civil Code. The act of 1916

shows no legislative purpose of making motor vehicle owners into a class specially favored in the application of the rule of respondeat superior.

Our views accord with those already expressed by the Supreme Court of Porto Rico, which, of course, we should follow, unless of the opinion that they are plainly wrong. See Truyol v. West India Oil Co., 26 P. R. 321, 327, 328; Morales v. Caraballo, 27 P. R. 544; Allen v. International Express Co., 28 P. R. 448.

We think them plainly right on this point.

In the Allen Case, 28 P. R. at page 453, that court said " * * * that there is no basis whatever for the theory of a repeal by implication" of paragraph 4 of section 1804, supra.

The defendants were carrying on "an enterprise or establishment" within the meaning of said paragraph 4, and were therefore liable for injuries caused by the negligence of their employé.

To what extent, if at all, in Porto Rico, the owner of a motor vehicle, used for exclusively personal or pleasure purposes and not for business, is liable for injuries caused by the negligence of his chauffeur, is a question not on this record presented.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs.