## CANDAL DE LOPEZ et al. v. SOCIEDAD ESPANOLA DE AUXILIO MUTUO Y BENEFICENCIA.

### No. 2446.

Circuit Court of Appeals, First Circuit.
Nov. 26, 1930.

332

Francis H. Dexter, of San Juan, Porto Rico (Rafael Cuevas Zequeira, of San Juan, Porto Rico, on the brief), for appellants.

Jose R. F. Savage, of New York City (Leopoldo Feliu, of San Juan, Porto Rico, on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an action of tort brought to recover damages alleged to have been caused the plaintiff by the negligence and malpractice of an X-ray specialist employed by the defendant and of a physician and surgeon in charge of a hospital conducted by the defendant, in the diagnosis and treatment of the fracture of the neck of the right femur. The declaration sounded in tort, not in contract, and was so treated by both court and the parties at the trial in the District Court and on appeal in the Supreme Court. It is based on the provisions of sections 1803 and 1804 of the Civil Code of Porto Rico. In the District Court judgment was entered for the defendant, after a trial on the merits. In the Supreme Court, judgment was entered for the defendant on the ground that, under the facts of the case, the defendant was not "an establishment or enterprise" within the meaning of section 1804 of the Civil Code; that these words, as used in paragraph 4 of that section, are limited to an establishment or enterprise of a business nature conducted for profit, and, as the defendant's hospital was a charitable organization not conducted for profit, the action could not be maintained. It is from this judgment that the present appeal is taken.

The errors assigned are: (1) That the court erred in deciding that the defendant is an eleemosynary institution, and that it is not responsible for the negligence of its employees, in accordance with section 1804 of the Civil Code; and (2) in deciding that the defendant is not an "enterprise or establishment" in accordance with that section. The other two assignments are of the same nature. This is recognized by the appellants in their brief, for they there state that "the four assignments of error all relate to the one single point of the alleged improper construction by the Supreme Court of sections 1803 and 1804 of the Civil Code of Porto Rico, which contains the entire law of negligence or torts in Porto Rico."

The defendant, however, has interposed a further question by moving to dismiss the appeal. It is based on the ground that the citation issued June 22, 1928, required the appeal record to be filed in this court within 60 days; that several extensions of time for filing the record were granted, that some of the extensions, although application was made to the Supreme Court for each of them before the then existing extension had expired, were not granted until a day or so later. It appears, however, that the record was filed in this court within the time as thus extended. We think this motion must be denied. In Cardona v. Quinones, 240 U. S. 83, 36 S. Ct. 346, 60 L. Ed. 538, it was held that: "Where the appeal is prayed within the statutory time, the mere date of its allowance by the court is not controlling." In support of this position, United States v. Vigil, 10 Wall. 423, 19 L. Ed. 954, is cited. In that case, at page 427 of 10 Wall., the court states: "The prayer for an appeal in due time, although not granted then by the court, secures this right, and no delay by the court in its allowance can impair it." A like position was taken by this court in P. J. Carlin Const. Co. v. Guerini Stone Co., 241 F. 545, 555.

We will now consider the main question in the case. It appears from the pleadings, the evidence, and the findings of the court below that the defendant is an association organized for purposes of charity and mutual aid of its members under the Porto Rican Association Act of 1887, and as such maintains a hospital, with X-ray and surgical departments, and that it not only furnishes medical aid and surgical treatment to its members, but also provides like treatment to charity patients and to those who are able to pay for the treatment; that the funds for the conduct of the hospital are derived from initiation

fees and monthly dues paid by its members, from sums received from paying patients, and from donations—all of which are used in the conduct of the hospital. In other words, that it is not an association carried on for profit.

The statute under which the association was organized is limited to associations organized for religious, political, scientific, and lawful purposes, "other than a pecuniary and speculative interest"; and excludes other organizations, constituted for "merely civil or commercial purposes."

By its by-laws it had a board of directors who were authorized to designate the medical personnel in the different departments of the hospital; they also provide for a medical director for each department, who has the immediate direction of all the subordinate employees in his department and is authorized to provide what he deems necessary for his department. The medical director of each department is also authorized in the by-laws to determine when any of the patients under his care needed a surgical operation, or the nature of the disease of the patient, and, when in doubt, is authorized to consult with the other physicians of the association, and, if there is a diversity of opinion or if it is deemed necessary to consult another physician outside of the institution, they were then to consult with the chairman and decide what is to be done.

It appeared that the plaintiff Mrs. Josefa Candal De Lopez entered the hospital April 10, 1923, claiming to be suffering from a fractured femur, for the purpose of being examined; that she remained there until April 24, 1923, when she voluntarily left; that while there X-ray and clinical examinations were made, but no fracture was discovered; that she paid for her room, board, and nursing for the 15 days she was there $130, and for the two X-ray photographs that were taken $40. There was no evidence that she paid anything for the medical services of the physicians or that she was charged therefor. There was no evidence that the defendant was organized for pecuniary gain or that any pecuniary gain derived from the operation of the hospital was distributed to its members.

The defendant pleaded specially the defense "of a good father of a family" provided for in the last paragraph of section 1804. The court found that the defendant exercised the requisite care in the selection of the two physicians in question, the medical director and the X-ray specialist; and apparently that they exercised such care in the super-

vision of these physicians, in so far as its lay directors could reasonably give supervision over them. See Arzuaga v. Ortiz (C. C. A.) 266 F. 449.

The Civil Code of Porto Rico provides:

"Sec. 1803. A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.

"Sec. 1804. The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"The father, and on his death or incapacity the mother, is liable for the damages caused by minors or incapacitated persons who are under their authority and live with them.

"Guardians are liable for the damages caused by minors or incapacitated persons who are under their authority and live with them.

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties.

"The State is liable in this sense when it acts through a special agent, but not when the damage should have been caused by the official to whom properly it pertained to do the act performed, in which case the provisions of the preceding section shall be applicable.

"Finally, masters or directors of arts and trades are liable for damages caused by their pupils or apprentices while they are under their custody.

"The liability referred to in this section shall cease when the persons mentioned therein prove that they employed all the diligence of a good father of a family to avoid the damage."

As above stated, the question is whether a hospital association not organized for pecuniary profit, and all of whose income is devoted to carrying on the enterprise and for the benefit of those receiving its ministrations, is an establishment or enterprise within the meaning of the fourth paragraph of section 1804.

The Supreme Court of Porto Rico, since 1912, has uniformly held that the terms employed in paragraph 4 of that section apply to and include only business enterprises, of a public or private nature, carried on for pecuniary gain. It was so held in Velez v. Llavina, 18 Porto Rico 634. That was an ac-

tion for damages against an owner of an automobile alleged to operate an enterprise for the conveyance of passengers, with the further allegation that the accident, for which the action was brought, occurred while the car was being driven by a chauffeur employed by the owner. The allegation that the car was being used for the business of transporting passengers was not proved. It was admitted that the defendant owned the car for his private use. It was held that, as the car was not being used in the business of transporting passengers, the action could not be maintained.

In 1915, in Alicea v. Aboy, 23 Porto Rico 100, the court had before it a similar question and affirmed its holding in the Velez Case.

In Truyol & Co. v. West India Oil Co., 26 Porto Rico 321, 328, decided in 1918, the action was against a business corporation operating motor trucks in carrying on its business. The truck in question, at the time of the accident, was being driven by the defendant's chauffeur in the performance of its business. It was held that the case fell "clearly within the scope of that part of section 1804 which refers to the liability of owners of establishments." See, also, Morales v. Caraballo, 27 Porto Rico 544, 547 (decided in 1919); Allen v. International Express Co., 28 Porto Rico 448, 453 (decided in 1920); Candal v. Sociedad Auxilio Mutuo, 37 Porto Rico —— (being the instant case decided March 26, 1928).

Since the decision of the instant case, the same question has been before the Supreme Court in the case of Luis v. Izquierdo Celestino Andrade, decided July 16, 1929. It was there said: "It is the ownership of an 'enterprise' in connection with which a car is used, not the ownership of the car in question, which determines the liability of the defendant for damages caused by the negligence of an employee under Section 1804 of the Civil Code, as construed by a majority of this court in Velez v. Llavina, 18 Porto Rico 634, and subsequent cases. The liability of a defendant, whether owner or bailee, does not always depend upon the public character of the car. The question may be whether or not it is used for business purposes, or in connection with a business enterprise. Truyol & Co. v. West India [Oil] Co., 26 Porto Rico 321; Candal v. Sociedad Auxilio Mutuo, 37 Porto Rico ——."

As the question involves the construction of a provision of the Civil Code, a question of local law, which has been determined and upheld by the local courts through a long series of years, this court would be slow indeed in reaching a contrary conclusion. But this court in Sucesores de Perez Hermanos v. Costa, 281 F. 439, 443, in reviewing an appeal from the Supreme Court involving a construction of these provisions of the Civil Code, affirmed the construction placed upon them by that court. In speaking of the Velez Case, we said: "But the crucial question in that case was whether the defendant was using his automobile in 'an enterprize or establishment' within the meaning of section 1804, post. There is nothing in the statute limiting the doctrine of respondeat superior to a public service enterprise, as distinguished from a grocery or other ordinary business concern. Later opinions of that court so hold. [citing cases]"

If the question of the defendant's liability was one to be determined from the standpoint of American jurisprudence, the defendant being a charitable association, not organized or carried on for profit, we should regard the decision of the court below as correct. McDonald v. Hospital, 120 Mass. 432–435, 21 Am. Rep. 529; Farrigan v. Pevear, 193 Mass. 150, 78 N. E. 855, 7 L. R. A. (N. S.) 481, 118 Am. St. Rep. 484, 8 Ann. Cas. 1109; Hearns v. Hospital, 66 Conn. 98, 33 A. 595, 31 L. R. A. 224; Hewett v. Association, 73 N. H. 556, 64 A. 190, 7 L. R. A. (N. S.) 496; Carter v. Whitcomb, 74 N. H. 482, 488, 489, 69 A. 779, 17 L. R. A. (N. S.) 733; Jensen v. Maine Eye & Ear Infirmary, 107 Me. 408, 78 A. 898, 33 L. R. A. (N. S.) 141.

■■ The contention of the defendant that the construction of the fourth paragraph of section 1804, made by the court below and which we uphold, causes it to violate the provision of the Organic Act of 1917, guaranteeing the equal protection of the laws, was not raised in the court below or in the assignments of error, and is not open here for review. It may be said, however, that we do not regard the classification imposed by the fourth paragraph, so construed, as unreasonable or in violation of the equal protection clause.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs in this court to the appellee.