## TAYLOR v. INSURANCE CO. OF NORTH AMERICA et al.

District Court, S. D. New York.
Oct. 23, 1934.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Charles R. Hickox, of New York City, of counsel), for plaintiff.

Hatch & Wolfe, of New York City (Carver W. Wolfe, of New York City, of counsel), for defendants.

CAFFEY, District Judge.

I regret the delay in disposing of this matter. Since the briefs were received, however, I have had no earlier opportunity to consider the papers.

■ The application for a separate statement and numbering of the causes of action and for an order requiring the allegations of the complaint to be made more definite and certain has been withdrawn. Our concern, therefore, is with the motion to dismiss the complaint, upon the claim that it fails to state facts sufficient to constitute a cause of action. The facts themselves alone do not constitute a cause of action. It consists of "the unlawful violation of a right which the facts show." Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 321, 47 S. Ct. 600, 602, 71 L. Ed. 1069. In order, therefore, to form a judgment as to whether a cause of action is stated in the complaint, it is essential that we ascertain with precision what is the law applicable to the facts as alleged in the complaint.

■ The law which applies is that which prevailed at the time within the territorial limits in which the wrong complained of was done. Cuba R. Co. v. Crosby, 222 U. S. 473, 32 S. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40. The acts complained of occurred in the Canal Zone. The territorial limits of that zone are defined in 48 USCA § 1302. We therefore must find what law governed there in 1932, which is the time of the incidents described in the complaint.

■ This court judicially knows the law prevailing in the Canal Zone. United States v. Perot, 98 U. S. 428, 430, 25 L. Ed. 251; see also United States v. Chaves, 159 U. S. 452, 459, 16 S. Ct. 57, 40 L. Ed. 215, and Panama R. Co. v. Toppin, 252 U. S. 308, 310, 40 S. Ct. 319, 64 L. Ed. 582. Cf. Panama R. Co. v. Bosse, 249 U. S. 41, 45, 47, 39 S. Ct. 211, 63 L. Ed. 466. That brings us, therefore, to examine the law as it existed in the Canal Zone in 1932.

■ The complaint seeks a recovery of actual damages resulting from the detention of the ship of the plaintiff for the period of one month and twelve days between July 12 and August 24, 1932. It is alleged that during this period the ship was held under a writ of attachment obtained by the defendants, which was wrongfully issued out of and later vacated by the United States District Court for the Canal Zone. That these allegations state a cause of action, under the law prevailing in the Canal Zone at the time, is clear from Lindo v. Barker, 3 Canal Zone Reports, 434.

The defendants contend that the Canal Zone is foreign territory. If so, of course judicial notice could not be taken of the law applicable there. For their proposition the defendants rely on Luckenbach S. S. Co. v. United States, 280 U. S. 173, 50 S. Ct. 148, 74 L. Ed. 356; but I am persuaded that the case does not support it. All that was involved was the interpretation of the expression "foreign port" as used in section 4009 of the Revised Statutes (39 USCA § 654), regulating compensation for transportation

of mail by American ships to the cities of Panama and Colon, including their harbors. The Supreme Court did not hold that the places involved were in a foreign country, but only that the places named should be treated as "foreign ports" within the meaning of the statute dealt with. It was made plain that this conclusion was because the legislative and executive branches of the government were shown to have employed this interpretation of the particular statute for a long time previously.

Motion to dismiss the complaint denied. The defendants may have ten days in which to answer. Settle order on two days' notice.